FILED

JUN 06 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM C. COHEN, an individual, | No. 13-55079 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00156-RGK-PJW |
| v. | |
| CITY OF CULVER CITY and EXCHANGE CLUB OF CULVER CITY, a California corporation, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 2, 2013
Pasadena, California

Before: D.W. NELSON, WARDLAW, and RAWLINSON, Circuit Judges.

William Cohen appeals the district court's grant of summary judgment for

the defendants in this action under the federal Americans with Disabilities Act of

1990 (ADA) and California statutes. Cohen's claims arise from injuries he

---

 [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

sustained when a vendor's display at a public street fair blocked a disabled access curb ramp, leading Cohen to trip and fall as he attempted to step up on to the sidewalk. In a published opinion accompanying this disposition, we reverse the district court's grant of summary judgment for the City of Culver City as to Cohen's claims under the ADA and two California statutes: the Disabled Persons Act (DPA) and the Unruh Civil Rights Act. Here, we address Cohen's claims against the Exchange Club of Culver City ("the ECCC") under the DPA and the Unruh Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse in part and affirm in part.

1. The district court erred by granting summary judgment for the ECCC on Cohen's DPA claim on the ground that Cohen was not "denied access to any facilities." A plaintiff may be denied full and equal access to a facility without having been denied physical access it to it entirely. *See Madden v. Del Taco*, 58 Cal. Rptr. 3d 313, 318 (Cal. Ct. App. 2007). Here, Cohen did not simply decline to use an available disabled access route of which he was aware. *See Urhausen v. Longs Drug Stores Cal., Inc.*, 65 Cal. Rptr. 3d 838, 844 & n.6 (Cal. Ct. App. 2007). Rather, he sustained injuries because he was unable to use the only disabled access route that he knew about. These injuries may be evidence that Cohen was denied full and equal access under the DPA. *See id.* at 845 & n.7.

**2.** The district court did not err in granting summary judgment for the ECCC on Cohen's Unruh Act claim. We may affirm the district court on any basis supported by the record. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). A plaintiff may prove a violation of the Unruh Act solely by proving a violation of the ADA, without proving intentional discrimination. *See Munson v. Del Taco, Inc.*, 208 P.3d 623, 625 (Cal. 2009). If his Unruh Act claim is separate from an ADA claim, however, the plaintiff must prove intentional discrimination. *See id.* at 626; *Wilkins-Jones v. Cnty. of Alameda*, 859 F. Supp. 2d 1039, 1051 (N.D. Cal. 2012). Cohen does not appeal the district court's ruling that the ECCC cannot be liable under Title II of the ADA because it is not a public entity or an instrumentality thereof, and Cohen did not raise a Title III claim against the ECCC. Cohen must therefore prove intentional discrimination to prevail on this freestanding Unruh Act claim. Because no evidence in the record supports an inference that the ECCC intentionally discriminated against Cohen, summary judgment in its favor is proper.

Each party shall bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

***Cohen v. City of Culver City***, No. 13-55079
**Rawlinson, Circuit Judge, dissenting in part:**

I agree with the district court's grant of summary judgment in favor of defendant Exchange Club of Culver City on William Cohen's claims predicated on the Disabled Persons Act (DPA) and his claims predicated on the Unruh Civil Rights Act.

I do not agree that the sidewalk Cohen sought to use was "the only disabled access route that he knew about." As the district court noted, there was undisputed evidence in the record that two wheelchair access ramps were located 20 yards east and 90 yards west of the location where Cohen chose to access the sidewalk. Cohen offered no explanation regarding his failure to utilize either of these alternative access routes and never expressed any lack of knowledge of their existence. California courts have not found denial of equal access where an alternative access route is available. *See Urhausen v. Longs Drug Stores California, Inc.*, 155 Cal. App. 4th 254, 265-66 (2007). Therefore, I respectfully dissent from that portion of the disposition reversing the district court's grant of summary judgment on Cohen's claim under the DPA.